JUSTICE RICE,
dissenting.
¶35 I believe the definition of “beneficiary” under the STFA is broader and more flexible than the Court concludes. That provision, § 71-1-303(1), MCA, states:
“Beneficiary” means the person named or otherwise designated in a trust indenture as the person for whose benefit a trust indenture is given or the person’s successor in interest, who may not be the trustee.
¶36 The flexibility of this statute comes from the words that the Court does not emphasize: the beneficiary is the person “named or otherwise designated” in the trust indenture “as the person” for whose benefit the indenture is given. Except for its exclusion of the trustee, and any other restriction at law, this provision broadly permits any other person to be “named or designated” in the trust indenture “as the person” for whose benefit the trust indenture is given. The statute says nothing about limiting the beneficiary to lenders, or requiring that the beneficiary be “the entity to whom the secured obligation flows.” Opinion, ¶ 17. This provision is not about lenders; it is about designating someone “as the person” to hold a beneficial interest in the *14 trust indenture. The provision’s purpose is to permit flexibility in financial arrangements consistent with the constitutional right of contract and assignment. Here, the “person” so designated under this broad authority is MERS.
¶37 This definition of beneficiary, similar to the one in Oregon’s statutes, does not evince a legislative intent to
preclude the parties to a trust deed from designating the agent of the lender and its successors as the beneficiary. We should be hesitant to find in that run-of-the-mill definition a limitation on the parties’ customary authority to structure their transactions as they see fit, unless the text, context, or history of that definition requires it. ... Certainly, nothing in the text of the definition expressly forecloses the parties from designating the lender’s agent as the beneficiary in the trust deed.
Brandrup v. ReconTrust Co., N.A., 303 P.3d 301, 324 (Or. 2013) (Kistler, J., Balmer, C.J., concurring in part and dissenting in part). ¶38 MERS was identified here as the lender’s “nominee” under the DOT and, in the terms of the statute, could likewise have been identified as the “designee.” The DOT states: “MERS is a separate corporation that is acting solely as a nominee for Lender and Lender’s successors and assigns. MERS is the beneficiary under this [DOT].” (Emphasis added.) Under the section entitled “Transfer of Rights in the Property” it states: “[t]he beneficiary of this [DOT] is MERS (solely as nominee for Lender and Lender’s successors and assigns) and the successors and assigns of MERS.” It goes on to provide that “Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this [DOT], but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender’s successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this [DOT].” (Emphasis added.) This language clearly demonstrates that at the time the trust indenture was entered into, the parties designated MERS as the beneficiary of the DOT and granted MERS the authority to act as the beneficiary.
¶39 As noted, the only limitation within the STFA definition of beneficiary is that the beneficiary “may not be the trustee.” Section 71-1-303(1), MCA. The Court acknowledges that “[i]t is undisputed that MERS is not the trustee” but nonetheless holds that MERS is actually the trustee by equating a dictionary definition of “nominee” with a *15 definition of “trustee” from the STFA. Opinion, ¶ 18. However, this analysis strays from the clear language of both the STFA and the DOT. Here, MERS is not a trustee for purposes of the DOT, nor does it claim to be. Rather, Citizens Title & Escrow Co. is specifically designated as trustee. Thus, the limitation in the STFA does not exclude MERS as beneficiary.[1]
¶40 When construing a statute,
the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.
Section 1-2-101, MCA. Since the definition of “beneficiary” under the STFA does not preclude designation of MERS as beneficiary, and the STFA, taken as a whole, does not preclude MERS from serving as a beneficiary if so designated, I would affirm the District Court’s conclusion that the “undisputed facts reflected in the documents as well as Montana statutes, [sic] establish that MERS, as beneficiary, had the statutory authority to appoint a successor trustee and could do so without notice to Plaintiffs as borrowers.” Given the broad language of the statute, I would not disregard the parties’ beneficiary designation absent legislative intent to the contrary.

 Additionally, § 71-1-306, MCA, requires that a trustee be either an attorney licensed to practice law in Montana; a bank, trust company, or savings and loan association authorized to do business in Montana; or a title insurer or title insurance producer or agency authorized to do business in Montana. MERS is clearly not an attorney, a bank, a savings and loan association, or'a title insurer. Under § 32-1-107, MCA, a “trust company” is defined as “any corporation that is incorporated under the laws of this state” for one or more of a list of designated purposes. MERS is incorporated under the laws of Delaware, not Montana; nor is it even registered as an active corporation in this state. Aside from this issue, MERS does not meet any of the listed purposes for which it must be formed to be a “trust company.” Thus, MERS could not, even if it wanted to, be a trustee under the DOT.